UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC LAMONT THOMPSON**, | ) | Case No. 3:07 CV 2423 |
| | ) | |
| Petitioner, | ) | Judge Jack Zouhary |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MICHAEL SHEETS**, | ) | (Regarding ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Eric Lamont Thompson has filed a petition for habeas corpus relief from the denial of his

appeal and for the following reasons the writ should be granted.


*Procedural history in state court:*

Eric Lamont Thompson is a prisoner in state custody following his negotiated November

23, 2005 guilty pleas with jointly recommended 9-year sentence in the Marion County, Ohio Court

of Common Pleas for the crimes of aggravated robbery and felon in possession with firearm

specification. (Ex. 2 & 3, ECF # 13-3).  Nearly ten months later on September 28, 2006, Thompson

unsuccessfully attempted to take a delayed appeal (Ex. 8-10, ECF # 13-3). Thompson argued that

he is entitled to a reduction in his  sentence under the post-sentence ruling in *State v. Foster,* 109

Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), which swept away the underpinnings of

the state's mandatory sentencing provisions.  He also argued that he was not informed of his right

of appeal, and that  he wished to appeal denial of his motion to suppress evidence, illegal arrest,

and ineffective assistance of counsel for not informing him of the right to appeal. (Ex. 9, ECF #13-

3).

2

Thompson's motion for leave to appeal under Ohio R. App. 5(A) was denied with the explanation that the App. R. 5 motion for delayed appeal failed to provide sufficient reasons to excuse untimeliness, and in any event, the decision in *State v. Foster* applied only to those cases on direct review and did not provide good cause for seeking a late request for direct review. (Ex. 11, ECF # 13-3).


Thompson then timely appealed to the Ohio Supreme Court on January 11, 2007, arguing that delayed appeals are a protected right of due process, that his due process rights were violated by suggestive identification, that his sentence was unconstitutional, and that the State failed to provide exculpatory material.  (See Memorandum in Support of Jurisdiction , Ex.13, ECF # 13-3). The State argued that Thompson presented two new claims, suggestive identification and denial of exculpatory material (Memorandum in Opposition to Jurisdiction, Ex. 14, ECF # 13-4). The State  argued against the application of *State v. Foster* because there were adequate findings to allow for a greater than minimum prison term,  that the state appellate court has discretion and Thompson did not provide any reasons to excuse his delay. *Id.* The Ohio Supreme Court ruled on April 18, 2007,  to deny leave to appeal as not involving any substantial constitutional question upon consideration of the jurisdictional memoranda filed in this case. *State v. Thompson*, 113 Ohio St.3d 1476, 864 N.E.2d 653, 2007-Ohio-1722 (Table 2007).


*Procedural history in federal district court:*

Thompson filed a timely petition for federal collateral review under 28 U.S.C. §2254 dated June 8, 2007, raising as the sole ground for review:

3

**GROUND ONE**: Petitioner was denied due process of law when the trial court failed to inform him of appellate rights.

**Supporting Facts**: Petitioner was denied due process of law when the trial court failed to explain the appellate procedures involving direct appeals and failing to appoint assistance of counsel for the purposes of pursuing a direct appeal.

Thompson followed his petition with a motion to stay proceedings. Respondent objected to a stay on March 17, 2008, and filed his return of writ briefing his position on Thompson's argument on March 28, 2008. This case was subsequently referred to the undersigned for report and recommendation on May 19, 2008, and on July 21, 2008 the undersigned denied Thompson's motion for a stay. Thompson has not sought reconsideration nor filed an objection with the Court from this order.

*De Novo review standard:*

Thompson presents a straightforward claim that he was denied due process of law when the

trial court failed to inform him of appellate rights. Because there has been no state court decision on this issue, the federal reviewing court must examine it *de novo* and without the constraints imposed under 28 U.S.C. §2254(d). See *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (2006); and see *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003). This court must accordingly conduct its review *de novo* of questions of law and mixed questions of law and fact. *Cristini v. McKee,* 526 F.3d 888, 897 (6th Cir. 2008)*,* citing *Maples v. Stegall*, 340 F.3d at 436.

4

*Respondent's position:*

Respondent does not raise  lack of exhaustion or procedural default but argues the merits of Thompson's claim relying chiefly on the decisions in *Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)  and *Wolfe v. Randle,*  267 F.Supp.2d 743 (S.D. Ohio 2003) for the proposition, "a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights." *Wolfe*, 267 F. Supp.2d at 748 (citing *Peguero*, 526 U.S. at 29-30.).


Respondent does not dispute *Wolfe's* holding that  "Due process is offended if a defendant who pleads guilty is not made aware of his right to appeal." *Wolfe v. Randle,* 267 F.Supp.2d at 750; and see  *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001); *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970). Respondent seeks to circumvent *Wolfe's* holding  relying on harmless error due to actual knowledge or futility.


*Exhaustion and Fair Presentation:*

Respondent has not raised the question of exhaustion of state remedies. Nonetheless,  the question of exhaustion thus must be examined from the outset.  See *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986); *Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005). Respondent has not expressly waived lack of exhaustion.[1]  The state appellate

---

[1]  "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. §2254(b)(3).

5

court did examine Thompson's claim under *State v. Foster,* but  that court's decision was to deny the motion, and there is no  time limit on refiling.  This leaves Thompson with the theoretical ability to file another motion for delayed appeal under App. R. 5(A). See *Granger v. Hurt*, 215 Fed. Appx. 485, 492 (6th Cir. Feb. 8, 2007). Thompson may yet refile and provided his explanation of untimeliness is adequate, the state appellate court may review the merits of his assignments of error.[2]

Refiling, though, will not be necessary.  Once claims are fairly presented to the state's highest court, a habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court.  *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); and  see *Wilwording v. Swenson*, 404 U.S. 249, 249-50, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (*per curiam*) (rejecting the notion that a petitioner must invoke "any of a number of possible alternatives to state habeas....").  "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *Jacobs. v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

---

[2]   Respondent correctly does not raise the issue of procedural default because "Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal," and therefore such, "a rule that grants such discretion is 'not firmly established and regularly followed' so as to be adequate." to meet the "adequate and independent" requirement for an enforceable state procedural rule. *Deitz v. Money,* 391 F.3d 804, 810-811 (6th Cir.2004).

6

Whether a petitioner has "fairly presented" the same claim in the state courts is determined by whether petitioner can show:

> (1) reliance upon federal cases employing constitutional analysis;
> (2) reliance upon state cases employing federal constitutional analysis;
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or
> (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), *cert denied*, 532 U.S. 958 (2001).

Thompson raised the following propositions of law in his memorandum in support of jurisdiction to Ohio's Supreme Court:

> 1. Delayed appeals are a protected right to due process for all appellants.
> 2. The appellant's right to due process was violated when there was a suggestive confrontation in the identification process.
> 3. The appellant was denied due process when he received an unconstitutional sentence.
> 4. The appellant was denied due process of law when the State failed to provide exculpatory *Brady* material to the appellant.

(Exhibit 13).

Thompson began his memorandum in support of jurisdiction with the statement that, "The Appellant was not informed of his right to appeal his sentence by the Trial Court, nor was he informed of his right to appeal by his Trial Counsel." (Memorandum in Support of Jurisdiction p.1, ECF # 13-3). Under his first proposition of law, Thompson cited *State v Robinson*, 101 Ohio App.3d 238, 655 N.E.2d 276 (Ohio App. 10 Dist.,1995), a short decision which stated:

> Derrick L. Robinson has filed a motion seeking leave to pursue a delayed appeal pursuant to App.R. 5. In July 1994, Robinson entered pleas of "guilty" to two charges of aggravated robbery, with a firearm specification as to the final charge.

7

As a result, Robinson was sentenced to a three-year term of actual incarceration for the firearm specification, followed by consecutive terms of seven to twenty-five and eight to twenty-five years on the aggravated robbery charges. Thirteen other felony charges were dismissed via *nolle prosequi*.

Robinson now asserts that his entry of guilty pleas did not occur in accord with Crim.R. 11. He also asserts that his earlier counsel provided ineffective assistance. . . . .

Virtually every person who enters a guilty plea no longer has counsel following the plea and is unaware, in part, because he or she may have been told so during the plea proceedings, that he or she has limited or no rights of appeal. In short, virtually everyone who entered a guilty plea now has a right to appeal in light of the changes to App.R. 5.

Perhaps the Supreme Court of Ohio will wish to revisit App.R. 5 insofar as it addresses guilty pleas. In the meantime, we can only follow its mandate and grant the right to appeal to those who file a motion seeking leave for a delayed appeal and allege reasons such as those set forth by Robinson.

The motion for leave to pursue a delayed appeal is sustained. The motion for the appointment of appellate counsel is also sustained. Counsel other than the attorney who represented Robinson at the time of his guilty pleas shall be appointed.

*State v. Robinson,* 101 Ohio App.3d at 240, 655 N.E.2d at 277.

Thompson's argument to the Ohio Supreme Court does not rely on federal due process and the state case he cites does not employ federal constitutional analysis. As for phrasing his claim, a clear reference to Fourteenth Amendment due process is required for its fair presentation as a federal claim. See *Duncan v. Henry*, 513 U.S. 364, 366,115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995). So the court must go to the default mode of whether Thompson's state brief alleged facts "well within the mainstream of constitutional law." It does.

8

Thompson's claim that he was not informed of his right to appeal does not appear as one of his four propositions of law. However, review by the Ohio Supreme Court is not confined to the propositions of law but encompasses the "jurisdictional memoranda filed." Ohio S.Ct. Prac. R. III §6. Thompson's bare statement does allege facts well within the mainstream of constitutional law in order to fairly present his federal claim to the Ohio Supreme Court. Accordingly, the undersigned finds that Thompson's federal ground for habeas review has been exhausted.

*Analysis:*

Respondent heavily relies on *Peguero v. U.S.,* 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), which held that actual knowledge of the right to appeal renders the federal district court's failure to so advise defendant harmless. *Peguero* concerned the sentencing court's procedural error, but there was no such error at Thompson's sentencing. In *Peguero* the federal district court failed to advise defendant of the right to appeal sentence following guilty plea under former Fed. R. Crim. P. 32(a)(2).[3] The Supreme Court found this error was not fatal to the sentence reasoning:

---

[3]    Claim raised on appeal was "that at the sentencing proceeding the trial court violated Federal Rule of Criminal Procedure 32(a)(2) by failing to advise petitioner of his right to appeal his sentence."*Peguero v. U.S.* 526 U.S. at 25, 119 S.Ct. 963.  As worded under former Rule 32(a)(2), notification was required of the right to appeal following trial and the right to appeal sentence in all instances:

"Notification of Right To Appeal.-After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the  cost on appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except **that the court shall advise the defendant of any right to appeal the sentence.** If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant. (Emphasis supplied)"

*Peguero v. U.S.,*526 U.S. at 26, 119 S.Ct. at 963 - 964.

9

> A violation of Rule 32(a)(2), however, does not entitle a defendant to collateral relief in all circumstances. Our precedents establish, as a general rule, that a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error.

*Peguero v.* U.S.  526 U.S. at 27, 119 S.Ct. at 964.[4]

*Peguero* relied upon *U.S v. Timmereck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and *Hill v. U.S.* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), for its legal foundation, cases which involved breaches of the "formal requirements" of taking guilty pleas. See *Timmreck*, 441 U.S. at 783-84, 99 S.Ct. at 2087 ("technical violations" of Rule 11); *Hill,* 368 U.S. at 426, 82 S.Ct. at 470 ("[T]he failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack.[.]"); *Peguero*, 526 U.S. at 28, 119 S.Ct. at 965 ("The fact of the [Rule 32(a)(2)] violation, standing alone, *Hill* and *Timmreck* instruct, does not entitle petitioner to collateral relief."). The Ninth Circuit, consistent with this reasoning,  found that the source of the duty of the trial court to advise defendant of the right of appeal had its source in federal procedure and not  Fourteenth Amendment due process to be applicable to the states. See *Gairson*

---

[4] The current **federal**  version, Rule 32(j)(1)(B), retains this right to notification of appeal following sentencing:

**(j) Defendant's Right to Appeal.**

**(1) Advice of a Right to Appeal.**

**(A) Appealing a Conviction**. If the defendant pleaded not guilty and was convicted, after sentencing the court must advise the defendant of the right to appeal the conviction.

**(B)  Appealing a Sentence**. After sentencing--regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence.

18 U.S.C. Fed. R. Crim. P. 32(j)

10

*v. Cupp*, 415 F.2d 352, 353 (9th Cir. 1969).  In this early case, the Ninth Circuit placed the onus of

notice on trial counsel. *Id.*, 415 F.2d at 353-54.


Perhaps as *Gairson v. Cupp* reasoned, federal due process does not compel a state trial judge

to notify a defendant of the right to appeal.  However, there is an obligation on the State to provide

indigent defendants with counsel for appeal as expressed in *Douglas v. People of State of*

*California,* 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and the right to notice exists

within the penumbra of this right:

> We think the only practical, logical and fair interpretation to be given to Douglas
> v. California is that it imposes upon the state a duty to warn every person convicted
> of crime of his right to appeal and his right to prosecute his appeal without expense
> to him by counsel appointed by the state, if he is indigent. The right to appeal at the
> expense of the state is mere illusion if the convicted indigent defendant does not
> know such a right exists. And the one way to make sure that he does know is to tell
> him so. Such a simple and comprehensive construction avoids the complication of
> a variety of miscellaneous fact patterns that have no relevance whatever to the
> underlying principle of Douglas v. California, but which may frustrate and render
> ineffective its beneficent purpose (footnote omitted).

*U. S. ex rel. Smith v. McMann,*  417 F.2d 648, 654 (2nd Cir. 1969); and see *Wolfe,* 267 F.

Supp.2d at 747 ("The right of notice is more fundamental than the rights previously guaranteed by

the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their

appellate rights violates due process.").


This penumbral due process right is further reinforced by the holding "In first appeals as of

right, States must appoint counsel to represent indigent defendants." *Halbert v. Michigan*, 545 U.S.

605, 611, 125 S.Ct. 2582, 2587, 162 L.Ed.2d 552 (2005) (requiring counsel for indigent defendants

11

seeking first-tier review of guilty pleas in the Michigan Court of Appeals). See *Thompson v. Wilson,*
523 F.Supp.2d 626, 640 (N.D. Ohio 2007).  Respondent does not dispute the existence of an
unassigned duty to inform a defendant of the right to appeal.

   In any event, in line with the thinking that there is no Fourteenth Amendment due process
duty on the sentencing judge to provide notice of right to appeal, Ohio's sentencing procedure does
not require  notice of right to appeal sentence in Thompson's circumstances.  Ohio Crim. R. 11(B)
and 11(F), require the sentencing court to "advise the defendant and determine that the defendant
understands the consequences of the plea," and pursuant to Rule 11(F), the sentencing court must
read for the record " the underlying agreement upon which the plea is based." Finally, Ohio Crim.
R. 32(B), the state's notice of appeal requirements contains a dichotomy. The first part requires that
"[a]fter imposing sentence in a serious offense *that has gone to trial*, the court shall advise the
defendant that the defendant has a right to appeal the conviction (emphasis supplied)." See Ohio
Crim. R. 32(B)(1).  On the other hand, following a plea the rule is merely that, "the court shall
advise the defendant of the defendant's right, *where applicable*, to appeal or to seek leave to appeal
the  sentence imposed (emphasis supplied)." See Ohio Crim. R. 32(B)(2).

   There is no "applicable" right under state law to notice of sentence appeal.  Thompson's
plea agreement included a jointly recommended sentence that was imposed by the court. Ohio
forbids sentence appeal under Ohio Rev. Code §2953.08(D)(1), which reads, a "sentence imposed
upon the defendant is not subject to review under this section if the sentence is authorized by law,
has been recommended jointly by the defendant and the prosecution in the case, and is imposed by
a sentencing judge." The state courts have consistently construed this statute with Rule 32(B) to

12

hold there is no requirement to advise defendant's of appeal from a plea agreement containing a

jointly recommended sentence within the authorized parameters. See *State v. White,* 2003 WL

22451372, 1 (Ohio App. 9 Dist.); *State v. Middleton*, 2005 WL 406208, 3 (Ohio App. 12 Dist.);

*State v. Bryant* 2005 WL 1532617, 3 (Ohio App. 6 Dist.); and see *State v. Hooper* 2005 WL

3610335, 4 (Ohio App. 7 Dist.)(finding appellant should have been advised of his right to appeal

sentence since plea agreement contained only State's unstipulated sentence recommendation).

The implications are that state notice procedure in Ohio as well as in other jurisdictions is

materially different from its federal counterpart. The Ohio Common Pleas Court provided all the

process that was due under state law. State procedure does not require the court to provide notice

of the right to appeal when a guilty plea is entered on a joint recommendation and Ohio's procedure

is not atypical.[5]  Thompson's ground challenges the constitutionality of this application of Ohio

---

[5]  Compare "Appendix A" from Respondent's brief in *Roe v. Flores-Ortega*, 1999 WL 606999:

Arkansas - No duty of court of advise defendant of right to appeal sentence. See Ark.R.Crim.P. Rule 24.4 and Ark. Code Ann. § 16-90-105 (Michie 1999) (requiring court to advise of right to appeal after verdict of guilt by jury or factfinder; no mention of duty to advise pleading defendant of appeal right).

California - California Court rule 470 states that trial court must advise defendant of his or her right to appeal after conviction. Yet, according to People v. Serrano, 33 Cal. App.3d 331, 109 Cal. Rptr. 30 (3rd Dist. 1973), Rule 470 does not apply to defendants who have entered a guilty plea.

Connecticut - No duty to advise defendant of right to appeal. See Conn. Super. Ct. § 39-19 (1999) (advice to defendant upon acceptance of plea; no mention of duty to advise pleading defendant of appeal right); Conn. Super. Ct. § 43-30 (1999) (notification of right to appeal conviction only after trial or where there has been adverse decision upon habeas corpus writ).

Delaware - Court has no duty to inform pleading defendant of his or her right to appeal; also, no such duty with respect to any defendant who has counsel. See Del.J.P.Crim.R. 32 (1998).

Hawaii - No duty of court to advise defendant who enters a guilty plea of right to appeal. Further, court has no duty to advise any defendant with counsel of defendant's right to appeal. Notification of this right is given only to pro se defendants. See HRPP, Rule 32(b) (1998).

Louisiana - No duty to advise defendant of right to appeal. See La. C.Cr.P. Art. 556.1 (1998) (listing duties of court when accepting guilty plea; no mention of duty to advise pleading defendant of appeal

13

R. Crim P. 32(B)(2), but *Peguero* addressed only "a court's failure to give a defendant advice

_____

right); see also State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) (listing rights court must advise defendant).

Massachusetts - "The clerk shall have no duty to advise the defendant of any right to appeal after sentence is imposed following a plea of guilty." ALM Super. Ct. Rule 65 (1999) (Annotated Laws of Massachusetts).

Montana - No statute or rule requiring judicial advice to defendant of right to appeal.

Nebraska - No duty to advise defendant of right to appeal. See State v. Irish, 223 Neb. 814, 394 N.W.2d 879 (1986) (requiring court to inform defendant of rights, no mention of right to appeal).

New York - No statute or court rule providing trial court must advise defendant of right to appeal after guilty plea.

North Carolina - No duty to advise defendant of right to appeal. N.C. Gen. Stat. § 15A-1022 (1999) (listing advisements required by court when accepting guilty plea; no mention of duty to advise pleading defendant of appeal right).

North Dakota - No duty to advise defendant of right to appeal. See N.D.R. Crim. P. 32 (1997) ("the court is under no duty to advise the defendant of any right of appeal after sentence is imposed following a guilty plea).

Rhode Island - Trial courts do not advise of right to appeal illegal sentence. See RI Super. R. Crim. P. 32 (1997).

South Carolina - No duty to advise defendant of right to appeal. See Roberts v. State, 275 S.C. 341, 271 S.E.2d 115 (1980) (indicating no requirement to advise defendant of right to appeal); White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974) (finding meritless defendant's claim based on trial courts failure to advise defendant of right to appeal).

South Dakota - No duty to advise defendant of right to appeal. See S.D. Codified Laws § 23A-27-3 (1999) (requiring court to advise defendant of right to appeal at sentencing if defendant pleaded not guilty; no other mention of duty to advise defendant of appeal right).

Vermont - No duty of court to advise defendant of right to appeal. See Vt.R.Crim.P. 32 (1998) ("there is no duty on the court to advise the defendant of any right to appeal after sentence is imposed or deferred following a plea of guilty. …").

Virginia - No duty to advise defendant of right to appeal. See Va. Sup. Ct. Form 6 (1998) (stating trial court need not inform defendant that guilty plea does not waive right to appeal).

Wyoming - No duty to advise defendant of right to appeal. See Wyo.R.Crim.P., Rule 32 (1998) (requiring defendants who stood trial and were convicted to be advised of appeal rights; no mention of duty to advise pleading defendant of appeal right).

14

required by the Federal Rules." Thompson's argument is  not a matter of mere noncompliance discussed in *Peguero.*

*"The Peguero short-cut"-harmless error:*

As explained above *Peguero* is narrowly and carefully couched in terms of a federal procedural "technical" rule violation, and *Peguero* does not set the standard for Thompson's due process argument.  *Peguero* merely held that a defendant who knew of his right to appeal suffered no prejudice from the court's omission of the required Fed. R. Crim. P. 32 language. *Peguero*, 526 U.S. at 24.  Nevertheless, harmless error does defeat habeas claims,  including due process claims. See *O'Neal v. McAnich*, 513 U.S. 432, 438-39, 115 S.Ct. 992, 995-96, 130 L.Ed.2d 947 (1995); *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Kotteakos v. U.S.*, 228 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Respondent  argues that because Thompson has had numerous contacts with the judicial system it is simply incredible that he would not be aware of his right to take an appeal from his conviction or sentence.  In effect respondent frightfully equates criminal prosecution with a legal education. Respondent cannot sustain this "presumption." Thompson was convicted for felon in possession of a firearm, and that fact unambiguously establishes that he had a prior felony conviction.  Respondent, though, provides no evidence of the circumstances of this prior conviction such as whether at that time Thompson had been advised of his right to appeal or had taken an

15

appeal. The record presented does not show that Thompson "had full knowledge of his right to appeal." *Peguer*o, 526 U.S. at 28, 119 S.Ct. 964.

Thompson filed his motion for  delayed appeal on September 28, 2006, following his counseled August 10, 2006 written plea agreement in a separate matter in the Court of Common Pleas for Muskingham County, Ohio, which did for the first time expressly inform him of a right to appeal a maximum sentence "and other limited appellate rights," and that an appeal must be filed within 30 days of sentence. (Exhibit 4, ECF # 13-3). There is no evidence that Thompson filed any appeal prior to his attempted delayed appeal from the aggravated robbery and felon in possession convictions. His first appeal followed the express disclosure of appeal rights by the Muskingham County Common Pleas Court.

This matter ultimately turns on who has the burden of proof with respect to actual knowledge of the right to appeal, an issue not addressed in *Peguero.*  The matter of harmless error was revisited in *Gray v. Moore*, 520 F.3d 616, 625-26 & n.2 (6th Cir. 2008). There is some incongruity within the circuit, but as *Gray* explains,  *O'Neal* "plac[es] the risk of doubt on the State." *Id*., 520 F.3d at 625 (quoting *O'Neal*, 513 U.S. at 439, 115 S.Ct. at 996).

*Wolfe*, on the other hand states that the petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Id.*, 267 F. Supp.2d at 748 (citing  *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974), *cert. denied*, 421 U.S. 919 (1975)). *Faught*  involved an evidentiary hearing held by the district court.  The sentencing judge and

16

defense counsel stipulated that they had no recollection and the district court found petitioner to lack credibility based on the record and presumption of regularity in the proceedings. *Id.*, 507 F.2d at 275. *Faught* does imply that the petitioner carried the burden of proving lack of knowledge of the right to appeal.[6]  It is, however, impossible to reconcile *Wolfe*'s placing the burden on petitioner, with *Gray v. Moore's* rule of placing the burden of proving harmless error on respondent. In both situations the burden carried is the issue of petitioner's actual knowledge. As the undersigned views the situation, *Gray v. Moore* governs. Accordingly, a petitioner must first meet the burden of production by claiming lack of knowledge of the right to appeal, but respondent carries the burden of persuasion and must establish harmless error by virtue of petitioner's actual knowledge of the right. Respondent has not carried this burden merely on presumptive knowledge from having a prior criminal record.

Respondent alternatively argues futility.  Futility has also been used to reject a due process claim of lack of knowledge of the right to appeal. See; *Chatman v. Wolfe,* 2007 WL 2852341 (S.D. Ohio).[7] As for futility, respondent addresses only Thompson's *State v. Foster* sentencing argument

---

[6] *Faught* was governed by pre-AEDPA law including former 28 U.S.C. §2254(d). See *Beuke v. Houk*, 537 F.3d 618, 655 (6th Cir. 2008). Since 1996 28 U.S.C. §2254(e)(2) governs. The revised standard requires Thompson to demonstrate that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," a question with no relevance to Thompson's ground and supporting facts. See §2254(e)(2)(B). Consequently, there is no foundation for an evidentiary hearing as in *Faught*.

[7] "Indeed, in an analogous case, this Court has recognized that "by agreeing as a term of the plea bargain to a specified prison sentence ... petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely* ...." *Todd v. Wolfe*, No. 1:05cv737, 2007 WL 951616, at *5 (S.D.Ohio Mar. 28, 2007) (Spiegel, S.J.) (unpublished) (citing numerous Ohio appellate court decisions); see also *Rockwell,* supra, 2007 WL 892985, at *7."

*Chatman v. Wolfe* 2007 WL 2852341, 6.

17

and does not explain away the remaining issues raised to the Ohio Supreme Court. Further, other decisions on this topic have at least intimated that it is unnecessary to establish that the appeal would have merit. See *Morris v. Wolfe*, 2008 WL 781834 (S.D. Ohio); *Thompson v. Wilson*, 523 F. Supp.2d 626, 640 (N.D. Ohio 2007); *Chatman v. Wolfe*, 2007 WL 2852341, 4 n.2. Thompson should not be saddled with the arguments raised in his uncounseled appeal since that would be tantamount to requiring a *pro se* litigant to provide effective legal assistance to himself. The U.S. Supreme Court made it clear that a plea does not waive the right to appointed counsel for an appeal. See *Halbert v. Michigan*, 545 U.S. 605,617, 125 S.Ct. 2582,2590, 162 L. Ed.2d 552 (2005)("[I]ndigent defendants pursuing first-tier review in the Court of Appeals are generally ill equipped to represent themselves."). Respondent has not demonstrated actual knowledge or futility to negate prejudice under Thompson's due process argument. Respondent provides no reason to avoid addressing Thompson's constitutional challenge to the constitutionality of the state court's application of Ohio Crim. R. 32(B)(2).

### *CONCLUSION AND RECOMMENDATION*

Following *de novo* review of Thompson's ground and supporting facts, it is recommended that the writ be granted. "As such, the Court [should] grant Petitioner's habeas corpus petition (doc. 1) so that Petitioner be released from prison unless the State of Ohio permits Petitioner to file a delayed appeal from his conviction *in forma pauperis* and with court-appointed counsel, within sixty days of the filing of Petitioner's motion for a delayed appeal. The Court further [should] order respondent to notify the Court in writing of reinstatement of the appeal and to file a motion to

18

dismiss this action at that time, and order Petitioner to notify the Court in writing upon expiration

of the sixty-day period if the appeal is not reinstated." *Wolfe v. Randle,* 267 F.Supp.2d 743, 751

(S.D.Ohio 2003).


                                                   _____s/James S. Gallas_____

                                                United States Magistrate Judge


       *ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


January 5, 2009