IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Lamont Thompson,                         Case No. 3:07 CV 2423

          Petitioner,                    MEMORANDUM OPINION
                                      AND ORDER

    -vs-
                                               JUDGE JACK ZOUHARY

Michael Sheets, Warden,

          Respondent.

## BACKGROUND

*Pro se* Petitioner Eric Thompson filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner is in custody of the State of Ohio at the Ross Correctional Institution in Chillicothe, and alleges that his detention violates the Fourteenth Amendment of the United States Constitution.

The case was referred to the United States Magistrate Judge James Gallas for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). The Magistrate found that Petitioner was denied due process of law when the trial court failed to inform him of a right to appeal his sentence, and therefore recommends that the Writ of Habeas Corpus be granted (Doc. No. 15).

This action is before this Court on Respondent's Objection to the Magistrate's Recommendation (Doc. No. 20). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has completed a *de novo* review of the Magistrate's findings.

## FACTUAL AND PROCEDURAL HISTORY

On November 23, 2005, in the Marion County Court of Common Pleas, Thompson entered a plea of guilty to one count of aggravated robbery, one count of having weapons while under disability, and a three-year firearm specification for both counts. On November 28, 2005, pursuant to the joint recommendation of the parties, the trial court sentenced Thompson to nine years in prison: concurrent sentences of six years for aggravated robbery and four years for having weapons under disability, to be served consecutively to a three-year mandatory sentence for the firearms specification.

On September 28, 2006, ten months after his sentencing, Thompson attempted to take a delayed appeal under Ohio Appellate Rule 5(A). He argued that the trial court erred in denying his motion to suppress and in making findings not admitted or found by a jury in violation of the U.S. Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004). On November 27, 2006, the state appellate court denied the motion for delayed appeal, holding that Thompson failed to set forth a sufficient reason for failing to file a timely notice of appeal. Thompson appealed to the Ohio Supreme Court, raising several due process claims, but the court dismissed the appeal as not involving any substantial constitutional question. Petitioner then filed the instant Writ of Habeas Corpus.

**DISCUSSION**

Petitioner argues that he was denied due process of law when the trial court failed to inform him of his appellate rights. The record does not indicate, and Respondent does not allege, that the trial court ever gave Petitioner notice of a right to appeal his sentence. However, this Court finds that the trial court did not have a duty to inform Petitioner of any right to appeal his stipulated sentence, and therefore declines to adopt the Recommendation.

In most circumstances, an indigent defendant's right to due process of law is violated if the defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir. 2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970)). Federal courts have inferred this right from the Supreme Court's holding in *Douglas v. California*, 372 U.S. 353, 357 (1963), that the state has a duty to provide indigent defendants with counsel for appeal. Since "the right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists," the trial court should ensure defendant's knowledge of his appellate rights by telling him about them. *U.S. ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir. 1969). However, if no such right to appeal exists, it is axiomatic that due process is not violated if a defendant is not informed of a right to appeal. *See Holcomb v. Wilson,* No. 3:05-CV-803, 2008 U.S. Dist. LEXIS 48335, at *6 (N.D. Ohio June 24, 2008).

Ohio law precludes appellate review in certain circumstances: "A sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. § 2953.08(D)(1). Ohio Criminal Rule 32(B)(1) imposes a duty on the trial court to notify a defendant

of a right to appeal a sentence in a "serious offense that has gone to trial," but Criminal Rule 32(B)(2) only imposes such a duty in other cases where a right to appeal is applicable. State courts have consistently interpreted these statutes to mean that there is no requirement to advise a defendant of a right to appeal from a plea agreement containing a jointly recommended sentence. *Jackson v. Sheets,* No. 1:05cv608, 2006 U.S. Dist. LEXIS 94231, at *19 n.5 (S.D. Ohio Aug. 8, 2006) (citing *State v. White,* No. 21741, 2003 WL 22451372, at *1 (Ohio Ct. App. Oct. 6, 2003); *State v. Middleton*, No. CA2004-01-003, 2005 WL 406208, at *3 (Ohio Ct. App. Feb. 22, 2005); *State v. Bryant,* No. L-03-1359, 2005 WL 1532617, at *3 (Ohio Ct. App. June 30, 2005)).

This Court confronted this issue in *Holcomb,* where an indigent defendant pled guilty to robbery and burglary and was sentenced pursuant to a plea agreement. 2008 U.S. Dist. LEXIS 48335, at *1. The defendant did not file an appeal until the one-year statute of limitations had expired, and argued that it was because the sentencing court failed to inform him of a right to appeal. *Id.* at *6-7. This Court held that the sentence was "authorized by law" because the term of imprisonment was within the permissible statutory range, and thus not susceptible to review under R.C. § 2953.08(D)(1). *Id.* at *7. Since the defendant was not entitled to an appeal from his sentence, no right was violated when the trial court did not inform him of a right to appeal. *Id.* at *6.

In the case at bar, Petitioner's direct appeal was also precluded by R.C. § 2953.08(D)(1). Aggravated robbery is a felony in the first degree, which carries a maximum prison term of ten years; having weapons while under disability is a felony in the third degree, and carries a maximum prison term of five years; and the firearm specification carries a mandatory prison term of three years. R.C. §§ 2911.01(C); 2923.13(B); 2929.14(A)(1); 2929.14(A)(3); 2929.14(D)(1)(a)(ii). Petitioner's sentence does not exceed these terms; his sentence was authorized by statute. Also, the sentence was

4

the result of the joint recommendation of the parties. Therefore, no right was offended when the trial court did not inform Petitioner of his appellate rights.

The Recommendation relies heavily on *Wolfe v. Randle,* 267 F. Supp. 2d 743, 750 (S.D. Ohio 2003), for the proposition that due process is violated if a defendant is not informed of his right to appeal. However, neither *Wolfe* nor any of the other cases cited by the Recommendation deal with sentences imposed after the joint recommendation of the defendant and prosecutor. *See, e.g., Douglas v. California,* 372 U.S. 353 (1963) (defendant was sentenced after trial conviction); *U.S. ex rel Smith v. McMann,* 417 F.2d 645 (2d Cir. 1969) (defendant was sentenced after trial conviction); *Wolfe,* 267 F. Supp. 2d at 745 (defendant pled guilty but did not stipulate to his sentence). Thus, these cases would not fall under R.C. § 2953.08(D)(1), which, as noted above in *Holcomb,* does not require the trial court to advise a defendant of his appellate rights. Because Petitioner stipulated to his sentence, he did not have a right to be informed of appellate rights in accordance with R.C. § 2953.08(D)(1).

## **CONCLUSION**

This Court conducted a *de novo* review of the Magistrate's findings and respectfully declines to adopt the Report and Recommendation. The Petition for Writ of Habeas Corpus is denied. Further, under 28 U.S.C. §§ 1915(a)(3) and 2253(c), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  July 21, 2009